# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE GROUP | |
| Plaintiff, | Civil Action No. 16-7560 (MAS)(DEA) |
| v. | **MEMORANDUM AND ORDER** |
| DEFLECTO, LLC, et al. | |
| Defendants. | |

This matter comes before the Court on an informal application by Defendants Electrolux Home Products, Inc. ("Electrolux") and Lowe's Home Centers, LLC ("Lowe's") to compel Plaintiff New Jersey Manufacturers Insurance Group ("NJM") to produce certain documents requested by Defendants and to produce a representative for a deposition. *See* Defendants' Letter to the Court dated July 20, 2018, ECF No. 27. Specifically, Defendants served a Second Request for the Production of Documents as well as a Rule 30(b)(6) Deposition Notice on June 1, 2018. In short,

> [t]he discovery in question seeks:
>
> 1. Information on any Complaints filed by Plaintiff alleging that dryers manufactured and/or sold by Electrolux were defectively designed and/or were sold with inadequate and/or defective warnings;
>
> 2. Discovery with respect to steps taken by Plaintiff to inform its insureds that Electrolux dryers were defective; and
>
> 3. The underwriting criteria used by Plaintiff in underwriting homeowner's insurance policies in homes in which Electrolux dryers were used.

*Id.* at 3.

Defendants maintain that the information they seek is relevant because NJM has initiated numerous lawsuits in which it alleges that Electrolux dryers are defectively designed and carry inadequate warnings. Moreover, Defendants contend that Plaintiff's failure to advise its insureds or to account for the presence of an Electrolux dryer in its underwriting process is "inconsistent with its core theories" in this case and that such inconsistency could affect Plaintiff's credibility with a jury. *Id.* at 4. Further, Defendants argue that Plaintiff's failure to advise its insureds of its opinions concerning Electrolux dryers and the failure to factor its opinions into the underwriting process "could be deemed to be comparative fault/contributory negligence on the part of Plaintiff." *Id.*

Plaintiff responded to Defendants' application in a letter to the Court, dated August 1, 2018. ECF No. 29. Plaintiff argues that "the information sought by [Defendants] has no relevance to the matters at hand … and are merely fishing expeditions." Id. at 1. Plaintiff notes that "this is a subrogation matter, wherein [the insurer's] rights are derivative of that of their insured." *Id.* Consequently, the case will be decided based upon the knowledge and actions of the insured homeowners and not the knowledge, opinions and actions of their subrogee, NJM. Plaintiff cites several cases in which Electrolux has made similar applications wherein other "courts have held that an insurance company cannot be contributorily negligent for an insured's loss in subrogation cases." *Id.* at 2-4 (citations omitted).

Although uninvited and unauthorized by Local Civil Rule 7.1(d), Defendants replied to Plaintiff's opposition in a letter, dated August 6, 2018. ECF No. 30. Defendants' reply contained no substantive factual information and no legal citation to contradict Plaintiff's legal arguments. Plaintiff responded to Defendants' unauthorized reply in a letter to the Court

dated August 7, 2018. ECF No. 31. Additional correspondence to the Court by Plaintiff and Defendants, dated August 15 and August 16, 2018 respectively, were not considered by the Court as such submissions are not permitted by the Local Rules, and both related to a similar application which is pending in this District before the Honorable Tonianne Bongiovanni, U.S.M.J., in the matter of *New Jersey Manufacturers Insurance Group a/s/o Kristen R. Mccluskey v. Sears Roebuck and Company*, Civil Action No. 17-0653(PGS).

The facts and procedural history of this matter are well known to the Court and the parties and, therefore, need not be recited here. It will suffice to say that NJM brought this action as subrogee of its insureds, William and Jodi Garrabrants (the "Garrabrants"), based upon an insurance claim paid by NJM pursuant to the terms of a homeowners insurance policy for fire damage allegedly caused by a clothes dryer.

The Court has broad discretion in deciding discovery issues, and it is "well settled that the appropriate scope of discovery and the management of requests for discovery are left to the sound discretion of the Court." *Martinez v. Fuentes*, No. 15-2932, 2017 WL 2345703, at *4 (D.N.J. May 30, 2017). Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation. Under Rule 26(b)(1), the scope of discovery is quite broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b)(1). Nevertheless, there are limits to the permissible scope of discovery. First and foremost, the information sought must be relevant to any party's claim or defense. The party

3

seeking to compel discovery bears the initial burden of establishing the relevance of the information. *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

Here, Defendants argue that the discovery sought is relevant in two ways to their defense of this case. First, Defendants note that NJM has filed previous lawsuits in which they alleged that Electrolux dryers were defectively designed and had inadequate warnings/instructions. As such, Defendants maintain that if NJM failed to advise its insureds of this fact or failed to take into account whether an Electrolux dryer was located in an insured's home in its underwriting, this would undermine "the credibility of [NJM] and its liability theory in this case." ECF No. 27. Second, Defendants contend that the failure of NJM to inform its insureds of "its long-held opinion that Electrolux dryers are defectively designed and had inadequate warnings and instructions, and the failure of Plaintiff to take into account in underwriting the use of Electrolux dryers in homes, could be deemed to be comparative fault/contributory negligence on the part of [NJM]." *Id.*

The Court finds Defendants' arguments to be specious and unsupported. These purported defenses are directed to NJM in its own capacity, based upon NJM's own knowledge, actions, or inactions with respect to the product at issue in this case. This matter, however, is a subrogation case. Subrogation "means substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against a third party." *US Airways v. McCutchen*, 569 U.S. 88, 97 n.5, 133 S.Ct. 1537, 185 L.Ed.2d 654 (2013).

> The subrogee, having stepped into the shoes of the subrogor, is entitled to assert all of the subrogor's rights and claims against the responsible third party. Likewise, the third party--now defending an action brought by the subrogee--is entitled to assert every defense it otherwise could have raised against the subrogor.

4

*In re Frescati Shipping Company, Ltd.*, 886 F.3d 291, 309 (3d Cir. 2018).  Thus, in its capacity as subrogee, NJM is subject to the same treatment as the Garrabrants; Defendants may only assert defenses against NJM that they could have asserted against the Garrabrants. Defendants are "not entitled to extra defenses" just because NJM brought this action rather than the Garrabrants themselves.  *Id.* at 310 ("Just as the … subrogee, may only assert [the subrogor's] claims, … defendant, is not entitled to extra defenses because the [subrogee] asserts [the subrogor's] claims rather than [the subrogor] itself.").  The actions of NJM in its own capacity have no relevance to this action at present.  As such, the discovery sought by Plaintiff is outside the scope of that permitted by Rule 26.  Therefore,

**IT IS** on this 22nd day of October 2018,

**ORDERED** that Defendants' application to compel discovery is DENIED.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge